UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME EDWARD BRAY,

        Petitioner,

v.                                         CASE NO. 04-CV-40123-FL
                                            HONORABLE PAUL V. GADOLA

JOHN CASON,

        Respondent.
_____/

**ORDER REJECTING RESPONDENT'S EXHAUSTION DEFENSE
AND DIRECTING RESPONDENT TO ADDRESS PETITIONER'S CLAIMS**

      Petitioner Jerome Edward Bray has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.  The *pro se* petition raises sixteen grounds for relief.  Respondent argues in an answer to the habeas petition that Petitioner has not exhausted state remedies for eleven of his claims.  The Court agrees with Petitioner that all his claims are exhausted.  The reasons follow.

### I. Background

      Petitioner was convicted in 1998 of possession with intent to deliver 650 or more grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(i), possession with intent to deliver less than five kilograms of marijuana, MICH. COMP. LAWS §333.7401(2)(d)(iii), and possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f.  The trial court sentenced Petitioner as a habitual offender to concurrent terms of life imprisonment for the cocaine conviction, two to four years for the marijuana conviction, and two to five years for the firearm conviction.

Petitioner made the following arguments through counsel in an appeal from his convictions:

I. Jerome Bray was denied his constitutional rights to remain silent and to due process of law when the trial court admitted statements obtained as a result of apparent promises of leniency in exchange for defendant's cooperation, US CONST AM V, XIV; CONS 1963, ART I, SECS 17, 20.

II. Defendant was denied his due process right to the effective assistance of counsel, where his trial attorneys concurrently represented three criminal defendants with conflicting interests that influenced trial strategy, where counsel refused to allow defendant to testify, and where counsel's failure to explore the correctness of documents presented by a key defense witness, resulted in blatantly perjurious testimony being presented to the jury.

III. The prosecutor engaged in unlawful prejudicial misconduct where he improperly impeached a key defense witness with a prior conviction and where he shifted the burden of proof in closing argument.

IV. Defendant was denied a fair trial where in his opening statement, the prosecutor referred to inadmissible 404(B) evidence involving the execution of a search warrant at a location other than the one for which Defendant was on trial.

V. Defendant was denied a fair trial where veteran police witnesses repeatedly testified that they were aware of defendant and had had contacts with him prior to the instant offense and defense counsel was ineffective in not moving for a mistrial.

These claims now form the first five habeas claims.

Petitioner moved for permission to file a *pro se* supplemental brief with eleven additional issues. Although his motion apparently did not include a list of the eleven issues, the parties agree that the supplemental issues constitute Petitioner's second set of habeas claims, which read:

VI.[1]   Defendant is entitled to a new evidentiary hearing where the hearing was not full, fair, and adequate, where the contested affidavit and warrant were never introduced during the hearing in violation of state and federal law.

VII.   Defendant is entitled to a new suppression hearing and suppression of the evidence in question where he was denied effective assistance of counsel during his hearing[.] Counsel failed to request or present the affidavit and warrant which was under attack.

VIII.   Defendant is entitled to suppression of the evidence where the affidavit failed to establish probable cause and meet statutory requirements; the affidavit is fatally defective in violation of state and federal law.

IX.   Defendant is entitled to an evidentiary hearing pursuant to *Franks v. Delaware* where the affidavit contained recklessly false statements which are in violation of Defendant's state and federal rights.

X.   Defendant is entitled to a new *Ginther* hearing where his counsel's representation was ineffective where he failed to call either counsel during the hearing based on a misconception of the law in violation of Defendant's state and federal rights.

XI.   Defendant was denied his constitutional right to effective assistance of counsel where a conflict of interest existed where counsel represented Ned Davis and Deon Brown[.] The conflict was raised by the prosecution after impaneling the jury. The conflict is in violation of state and federal law.

XII.   Defendant is entitled to a new trial where the trial court['s] erroneous conduct and rulings throughout trial denied Defendant of his right to a fundamentally fair trial in violation of his state and federal rights.

XIII.   Defendant is entitled to dismissal of the charges where the prosecutor intentionally injected highly inadmissible evidence on two occasions and a mistrial was requested by trial counsel[.] Re-trial is barred by double jeopardy[.] This is in violation of state and federal law.

---

[1] Petitioner numbered these claims I - XI. For ease of reference, the Court has renumbered the second set of claims to follow consecutively the first set of claims.

> XIV. Defendant is entitled to a new trial where the prosecutor committed several errors which denied the defendant of his state and federal right to a fundamentally fair trial.
>
> XV. Defendant is entitled to reversal of his conviction where he was denied his state and federal right to effective assistance of counsel as guaranteed by state and federal constitutions where counsel made several errors during the course of trial.
>
> XVI. Defendant is entitled to a new trial where errors permeated the entire trial, where all of the errors may not require reversal standing alone, viewed under the cumulative effect standard, reversal is required; Petitioner was denied his state and federal rights.

The Michigan Court of Appeals denied Petitioner's motion to supplement his appellate brief with these claims and returned his brief to him. *See People v. Bray*, No. 229481 (Mich. Ct. App. Feb. 8, 2002). On April 29, 2002, the court of appeals denied Petitioner's motion for rehearing and reconsideration.

Petitioner pursued the matter in the Michigan Supreme Court, arguing that he was entitled to have the court of appeals accept and file his supplemental brief. A majority of Michigan Supreme Court Justices denied leave to appeal because they were not persuaded that the question presented should be reviewed. Justices Michael F. Cavanagh and Marilyn Kelly voted to remand the case and to direct the court of appeals to accept Petitioner's supplemental brief. *See People v. Bray*, 467 Mich. 946; 656 N.W.2d 524 (2003) (table). On May 30, 2003, the supreme court denied Petitioner's motion for reconsideration. *See People v. Bray*, 467 Mich. 946; 662 N.W.2d 751 (2003) (table).

Meanwhile, on March 18, 2003, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *See People v. Bray*, No. 229481 (Mich. Ct. App. Mar. 18, 2003). In an application for leave to appeal in the Michigan Supreme Court, Petitioner's attorney

raised the same five claims that counsel had presented to the court of appeals. Petitioner filed a *pro se* motion to add the eleven claims that he had presented to the court of appeals in a motion to file a supplemental brief. However, on October 30, 2003, the supreme court denied Petitioner's motion to add issues and denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Bray*, 469 Mich. 945; 670 N.W.2d 671 (2003) (table).

Petitioner filed his habeas corpus petition on May 25, 2004. The habeas petition raises all sixteen claims that Petitioner presented to the state courts through counsel and in his motions to supplement or add issues.

## II. Discussion

Respondent urges the Court to deny the habeas petition on the ground that Petitioner did not exhaust state remedies for his second set of claims (VI through XVI). These are the eleven *pro se* claims that Petitioner sought permission to add to his state appellate briefs.

The Supreme Court has explained that,

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1).

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Prisoners must "fairly present" their claims "in each appropriate state court (including a state supreme court with powers of discretionary review) . . . ." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims." *O'Sullivan*, 526 U.S. at 844.

5

> Failure of a state appellate court to mention a federal claim does not mean the claim was not presented to it. "It is too obvious to merit extended discussion that whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court. . . ."

*Dye v. Hofbauer*, 546 U.S. __, __, 126 S. Ct. 5, 6-7 (2005) (*per curiam* opinion) (quoting *Smith v. Digmon*, 434 U.S. 332, 333 (1978) (*per curiam* opinion)).

The Court agrees with Petitioner that he did everything he was required to do to present his *pro se* claims to the state court. He presented his supplemental issues to his appellate attorney, who submitted Petitioner's *pro se* motion to supplement or amend his appeal to the Michigan Court of Appeals. When the court of appeals denied the motion, Petitioner moved for reconsideration. After the court of appeals denied his motion for reconsideration, he filed an interlocutory appeal in the Michigan Supreme Court. He moved for reconsideration after the supreme court denied leave to file an interlocutory appeal. Petitioner sought permission to present his *pro se* supplemental issues to the Michigan Supreme Court one more time after his convictions were affirmed by the court of appeals.

Despite Petitioner's efforts, the state courts repeatedly declined to accept and file his *pro se* supplemental claims, which are habeas claims VI through XVI. Respondent alleges that the state courts refused to consider these claims because Petitioner did not comply with Michigan Court Rule 7.212(C)(7) by listing the specific issues he wanted to raise. However, the state courts did not cite Rule 7.212(C)(7) in their orders or suggest that the rule was the reason for denying leave to add the supplemental claims. Nor did the state courts indicate that they were rejecting Petitioner's supplemental claims due to some other procedural error on his part. Instead, they denied leave to file the claims without explanation.

The state courts' refusal to accept and address the supplemental claims does not mean that Petitioner did not fairly present the claims to the state courts. The courts were given the opportunity to decide the supplemental issues, and they possessed the ability to review the claims on their merits. The Michigan Supreme Court has expressly authorized the filing of supplemental issues. *See* Administrative Order 1981-7, standard 11, 412 Mich. lxxxiv, lxxxix (1981) (explaining that, "[w]hen a defendant insists that a particular claim be raised on appeal against the advice of counsel, counsel shall inform the defendant that he or she has the right to present that claim to the appellate court *in propria persona*"); *see also* Mich. Ct. R. 7.302(G)(4)(b) ("On motion of any party, for good cause, the Court may grant a request to add additional issues not raised in the application or leave to appeal or in the order granting leave to appeal."). This opportunity and ability to review the supplemental claims are all that was necessary to exhaust Petitioner's *pro se* claims. *Fields v. Bagley*, 275 F.3d 478, 482 (6th Cir. 2001); *Wallace v. Duckworth,* 778 F. 2d 1215, 1223 (7th Cir. 1985).

Respondent would have Petitioner return to state court and raise claims VI through XVI in a post-conviction motion under Michigan Court Rule 6.502. However, "a habeas petitioner need not exhaust any and all remedies that are potentially available to him in state court." *Clinkscale v. Carter*, 375 F.3d 430, 439 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1316 (2005). When, as here, a petitioner properly and fairly presents his claims on direct appeal to the state's intermediate appellate court and highest court, he is not also required to file a collateral motion. *Id*.

In conclusion, Petitioner invoked and exhausted all levels of the State's established appellate review process and none of the state courts invoked a procedural bar as a basis for rejecting the supplemental claims. Given the facts and circumstances presented here, the Court concludes that

Petitioner's claims must be deemed exhausted and not procedurally defaulted. *See Clinkscale*, 438-40; *Fields*, 275 F.3d at 482-83. The Court therefore rejects Respondent's argument that claims VI through XVI are unexhausted.

**IT IS ORDERED AND ADJUDGED** that Respondent file a supplemental answer addressing all of Petitioner's claims. The supplemental answer shall be due within thirty days of the date of this order.

s/Paul V. Gadola  
PAUL V. GADOLA  
UNITED STATES DISTRICT JUDGE

Dated:     December 29, 2005

---

Certificate of Service

I hereby certify that on   December 30, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                     William C. Campbell                                 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                        Jerome Bray                                     .

s/Ruth A. Brissaud  
Ruth A. Brissaud, Case Manager  
(810) 341-7845