UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME EDWARD BRAY,

        Petitioner,

v.                                                  CASE NO. 04-CV-40123-FL
                                                  HONORABLE PAUL V. GADOLA

JOHN CASON,

        Respondent.
        _____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

On March 13, 2008, Magistrate Judge R. Steven Whalen filed a Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, be denied. Petitioner filed objections to the Report and Recommendation on March 24, 2008, and Respondent filed a response to the objections on May 29, 2008. The Court has considered each of the filings.

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72, that states, in relevant part:

> **Resolving Objections**. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Here, because Petitioner filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In the present case the Court has reviewed each of the relevant filings. In particular, the Court has carefully considered the March 13, 2008 Report and Recommendation of Magistrate Judge R. Steven Whalen. Magistrate Judge Whalen concluded that Petitioner had not satisfied his burden for a claim of ineffective assistance of counsel, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, with respect to attorneys Fishman, Burkett, or Woods. Magistrate

Judge Whalen also concluded that despite Petitioner's claims of an actual conflict of interest with respect to his attorney's representation of Ned Davis, Petitioner expressly waived his rights to assert any conflict. Furthermore Magistrate Judge Whalen found that even absent the waiver, there was no actual conflict.

Finally, Magistrate Judge Whalen concluded that any conflict presented by Petitioner's attorney's representation of Deon Brown was a successive and not a concurrent conflict of interest. Therefore, because concurrent conflicts do not give rise to the *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980), presumption of prejudice, and because Petitioner's arguments failed on the *Strickland* analysis, Petitioner was not entitled to relief on his claim of conflict of interest.

After reviewing the Report and Recommendation, as well as Petitioner's objections and the response filed by Respondent, and conducting the requisite *de novo* review, the Court can assign no error to Magistrate Judge Whalen's analysis. The Court finds Magistrate Judge Whalen's factual representations correct and his legal conclusions sound. As a result, Petitioner's objections will be denied and the Report and Recommendation will be accepted.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation [docket entry #64] are **DENIED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Whalen's March 13, 2008 Report and Recommendation [docket entry #63] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [docket

entry #1] is **DENIED**.

    **SO ORDERED.**

Dated:   June 20, 2008                          s/Paul V. Gadola
                                                                                HONORABLE PAUL V. GADOLA
                                                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 20, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                William C. Campbell; Kenneth R. Sasse        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                          .


                                                               s/Ruth A. Brissaud
                                                               Ruth A. Brissaud, Case Manager
                                                               (810) 341-7845